UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**CENTER CAPITAL CORPORATION,**

    **Plaintiff,**

v.                                                **CASE NO. 3:05-cv-304-J-16MCR**

**JAMES REESE STEWART and
TIM SCHWIEZER,**

    **Defendants**
_____/

**O R D E R**

Before the Court is Plaintiff's Motion for Summary Judgment (Dkt #8) filed May 24, 2006. On June 12, 2006, Defendant filed a Motion to Extend Time to Respond which was granted, giving Defendant until June 26, 2006 to file a response. Again on June 26, 2006, Defendant filed another Motion to Extend Time to Respond which was granted, giving Defendant until July 7, 2006 to respond. To date, no response has been filed therefore, the Court will proceed as though the Plaintiff's Motion for Summary Judgment is unopposed.

**I.   Procedural History**

On April 11, 2005 a complaint was filed by Plaintiff, Center Capital Corporation, against the Defendants, James Reese Stewart and Tim Schwiezer. Defendant Stewart filed an answer on May 13, 2005. There is no indication on the record that Defendant Schwiezer was served. Pursuant to Fed. Rules of Civ. Proc. 4 (m), the Court may, on its own, dismiss the action without prejudice if service is not effected within 120 days after the filing of the complaint. No service having been perfected with respect to Defendant Schwiezer, this case will be **DISMISSED WITHOUT**

**PREJUDICE** as to Tim Schwiezer.

## II.     Factual Background

The undisputed facts are that the Plaintiff, Center Capital Corporation, and City Sanitation LLC, a non-party, entered into a Master Loan and Security Agreement No. 22298 dated October 18, 1999. Concurrent and subsequent to this Agreement, Center Capital and City Sanitation entered into three loan schedules 01 dated October 18, 1999 in the amount of $104,254.30 payable in sixty (60) monthly paymnets of $2,176.82; 03 dated June 26, 2001 in the amount of $245,658.18 payable in forty-eight (48) monthly payments of $6,151.25; and 04 dated July 10, 2001in the amount of $96,499.72 payable in sixty (60) monthly payment osf $1,968.23. All four of these documents were signed by the Defendants, James Reese Stewart and Tim Schwiezer. Center Capital performed all of its obligations under these contracts. City Sanitation defaulted by failing to make all of the payments as required.

Also it is undisputed, as is evidenced by Exhibit E and F attached to the complaint, that each of the Defendants individually signed a Continuing Guaranty which obligated each Defendant to pay all principal, accrued interest, costs, late charges, out of pocket expenses and attorneys' fees from any loan, lease or extension of credit as evidenced by contracts executed on or after the date of the Guaranty.

## III.    Standard of Review

The Court should grant a motion for summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact [such] that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987); Edwards v. Acadia Realty Trust, Inc., 141 F. Supp. 2d 1340,

1344-45 (M.D. Fla. 2001). The Court will construe the record and all inferences that can be drawn from it in the light most favorable to the nonmoving party, and the moving party bears the initial burden of establishing the absence of a genuine material fact. See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Samples on Behalf of Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). Once this burden is met, however, the opposing party must "go beyond the pleadings and by [her] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 342. The Eleventh Circuit explained in Samples that the opposing party need only present evidence from which a jury might return a verdict in her favor in order to survive the moving party's motion for summary judgment. See Samples, 846 F.2d at 1330; see also Augusta Iron & Steel Works v. Employers Insurance of Wausau, 835 F.2d 855, 856 (11th Cir. 1988).

Notably, the Supreme Court pointed out in Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), that the moving party's burden only extends to facts that might affect the outcome of the lawsuit under the governing law, as "[f]actual disputes that are irrelevant or unnecessary will not be counted." Summary judgment will only be granted if all facts and inferences point overwhelmingly in favor of the moving party, such that a responsible jury could not find in favor of the opposing party. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000). If there is conflicting evidence that will permit differing reasonable inferences, the case will be submitted to the jury. See Augusta Iron & Steel, 835 F.2d at 856. Conversely, if the nonmoving party presents merely colorable evidence that is not sufficiently probative or material, the Court can grant summary judgment in favor of the moving party. See Anderson, 477 U.S. at 249-50; Baldwin County, Alabama v. Purcell Corp., 971 F.2d 1558 (11th Cir. 1992). In other words, summary judgment is warranted against a nonmoving party who "fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

**IV.    Discussion**

This is a breach of contract action. In order to establish breach, in either Connecticut (the choice of forum under the contract) or Florida, there needs to be a showing of a valid contract, a material breach and damages.  See Rosato v Mascardo, 82 Conn.App. 396, 411, 844 A.2d 893 (2004); J.J. Gumbert Co. V Janis Services, Inc., 847 So.2d 1048, 1049, 28 Fla.L.Weekly D1287 (Fla. Dist.Ct.App. 2003). The undisputed facts show that a valid contract was entered into by Center Capital Corporation and City Sanitation. By non-payment of these loan schedules, City Sanitation defaulted, a material breach. Damages resulted in Center Capital not receiving repayment of these loans.

Having determined that there was a valid contract between Center Capital and City Sanitation, the Court must look at the obligations of the Defendants, to wit, the Continuing Guaranty. This Guaranty is unambiguous in its terms. Guarantor, James Reese Stewart, agreed, as is evidenced by his signature, to repay all indebtedness, including but not limited to, all principal, accrued interest, costs, late charges, out of pocket expenses and attorneys' fees from any loan, lease or extension of credit as evidenced by contracts executed on or after the date of this Guaranty. It is explicitly stated in the last sentence of paragraph one of the Guaranty

> This Guaranty is, and shall be construed to be, an absolute and unlimited guaranty of payment and performance, not a guaranty of collection, and Guarantor agrees to pay and/or reimburse CCC for any attorneys' fees and out of pocket costs incurred in connection with the collection of this Guaranty.

Defendant Stewart having failed to file a response to this Motion has not presented any argument as to why this Guaranty is not or should not be enforced. Therefore, the Court finds that the Continuing Guaranty creates an obligation on the part of Defendant Stewart to repay the valid loans

to Center Capital Corporation.

However, in closely reviewing the Continuing Guaranty, it only applies to "contracts executed on or after the date of this Guaranty" (Line 3/4, ¶1 of Guaranty), that date being July 9, 2001. Loan Schedule 01 was executed on October 18, 1999 and Loan Schedule 03 was executed on June 26, 2001. Both were clearly dated before the execution of this Guaranty and therefore outside of its coverage. Loan Schedule 04, however, was executed on July 10, 2001 and therefore covered under the provisions of this Guaranty. The complaint states that the total discounted balance due under Loan Schedule 04 is $73,163.49 and late payment fees of $1,574.56 for a total of $74,738.05.

Center Capital has recovered $140,000 from the bankruptcy proceeding of City Sanitation and this Court applies this amount to the Loan Schedules in order of their priority, being Loan Schedule 01 ($51,769.87 discounted balance plus late payment fees) first and Loan Schedule 03 ($143,756.72 discounted balance plus late payment fees) second. There is no amount remaining to apply to Loan Schedule 04.

Additionally, since the Guaranty specifically provides for the recover of attorneys' fees and costs, the Court finds Defendant Stewart liable. Plaintiff has submitted an Affidavit in Support of Request for Attorneys' Fees (Dkt. #10).

Accordingly, the Plaintiff's Motion is **GRANTED in part and DENIED in part.** The Plaintiff shall recover from the Defendant, James Reese Stewart:

1.) the amount of $74,738.05 for the total discounted balance due plus late payment fees on Loan Schedule 04;

2) pre-judgment interest from April 29, 2003 through the date of the judgment;

3) attorneys' fees in the amount of $24,708.50 and costs in the amount of $6,746.72.

The Court hereby **DISMISSES WITHOUT PREJUDICE** this case against Defendant, Tim Schwiezer, for Plaintiff's failure to prosecute.

The Clerk is hereby directed to enter Judgment accordingly and close this case.

**DONE AND ORDERED** at Jacksonville, Florida this __1st__ day of August , 2006.

JOHN H. MOORE II
United States District Judge

Copies to**:**     Counsel of Record